# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES H. CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV621 JCH |
| ) | |
| HARDY C. MENEES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James Clark for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Hardy Menees (Prosecutor, City of St. John), the City of St. John, Missouri, Terry Milam (Chief of Police, City of St. John), Dominic Orlando (Police Officer, City of St. John), and John Does 1-3 (same). Plaintiff seeks monetary and injunctive relief.

The complaint is almost entirely conclusory. The factual content is as follows. Plaintiff alleges that his minor daughter was arrested for stealing and credit card fraud. Plaintiff claims that he was subsequently issued a citation under § 210.336 (Parental Neglect – Prohibited) of the Municipal Code of the City of St. John, a misdemeanor offense. Plaintiff says he refused to cooperate with police officials when they issued the citation.

Plaintiff states that on August 4, 2009, the Family Court of St. Louis County notified him that it did not have sufficient evidence at that time to warrant court action against plaintiff's minor daughter; the court stated, however, that such determination did not prevent the court from taking action in the future should new information be presented to the court.

On August 20, 2009, plaintiff filed a "notice of suit" with the court, notifying the court that he was "countersuing" the City of St. John in the amount of $12,600 to compensate him for his time spent talking with police officials and any other time he spent regarding the case against his daughter or the neglect charges.

On September 14, 2009, the family court informed plaintiff that it had received new information about the theft and fraud charges relating to plaintiff's minor daughter, and the court scheduled a conference for plaintiff and his daughter. Subsequent communication from the court indicates that the court gave plaintiff the option of mediating the case before a neutral mediator.

There are no allegations that plaintiff was ever arrested, searched, or imprisoned. Plaintiff believes that certain technical defects in the original citation give rise to a claim for prosecutorial misconduct. Plaintiff also believes that the municipal ordinance under which he was ticketed is superseded by Missouri state statutes. Plaintiff seeks

an order blocking the City of St. John from enforcing § 210.336 and money damages in the millions of dollars.

## Discussion

The allegations in the complaint fail to state a claim under § 1983 because they do not rise to the level of a constitutional violation.

Additionally, this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). The complaint is frivolous for this reason as well.

Moreover, "[q]ualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on § 1915(e)(2)(B) review). To determine whether a state actor is entitled to qualified immunity, the Court must resolve two questions: first, whether the official deprived plaintiff of a constitutional right, and second, whether that right was so clearly established as the time that a reasonable official would have understood that his or her conduct was unlawful under the

circumstances. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). In this instance, plaintiff has failed to demonstrate that he was deprived of any constitutional right or that such alleged right was clearly established at the time of the incident. As a result, the individual defendants are entitled to qualified immunity.

Finally, the Court finds that the action is malicious. It appears from the state court documents and from the documents plaintiff submitted in the state court that plaintiff is attempting to harass those individuals who are responsible for enforcing the City of St. Johns's child neglect laws by bringing frivolous claims against them both in state court and in this Court. The Court will not permit this.

For each of these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>14th</u> day of April, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE